## Potter *v*. Union Central Life Insurance Company.

*Insurance—Life insurance—Identity of dead body—Province of jury—Evidence.*

In an action against a life insurance company where the only question at issue is the identity of a dead body with that of the insured, the case is for the jury where both parents of the insured declare an absolute identity of the dead body with the person of their son ; the coroner identifies it from photographic pictures taken in life and well authenticated, and the absence of teeth in the jaws of the skeleton head correspond with the vacant spaces in the jaws of the deceased.

*Insurance—Life insurance—Proof of death.*

Proof of death is sufficient where a claim is duly made to the insurance company within the proper time, in which the death of the insured by murder is alleged as having occurred at a specific time.

Argued April 17, 1900. Appeal, No. 69, Jan. T., 1900, by defendant, from judgment of C. P. Centre Co., Aug. T., 1896, No. 200, on verdict for plaintiff in case of John F. Potter, administrator, etc., of George McC. Potter, Deceased, v. Union Central Life Insurance Company. Before GREEN, C. J., McCOLLUM, DEAN, BROWN and MESTREZAT, JJ. Affirmed.

Assumpsit on a policy of life insurance. Before LOVE, P. J.

At the trial it appeared that George McC. Potter on January 26, 1893, took out a policy of life insurance upon his own life in the defendant company for $1,500. About June 10, 1894, a dead body was found near Olean in the state of New York.

The body was buried and subsequently at the instance of the plaintiff was exhumed and examined by various persons. The testimony was conflicting as to whether the body was that of the insured. The substance of the evidence in favor of the plaintiff is stated in the opinion of the Supreme Court.

The proof of death made on a blank certificate furnished by the insurance company stated that the claimant believed from all the circumstances that the insured was murdered, giving the place at which the murder was supposed to have been committed and the date of it. The court refused to give binding instructions for defendant.

Verdict and judgment for plaintiff for $1,865. Defendant appealed.

*Error assigned* among others was above instruction.

*John M. Dale,* with him *Robert Ramsey,* for appellant.— There must be more than a scintilla of evidence before courts are warranted in submitting cases to juries: First Nat. Bank v. Wirebach's Executor, 106 Pa. 39; Catlett v. St. Louis, etc., Ry. Co., 57 Ark. 461; 38 Am. St. Rep. 254; Linkauf v. Lombard, 137 N. Y. 417; 33 Am. St. Rep. 743; Janin v. London & San Francisco Bank, 93 Cal. 14; 27 Am. St. Rep. 82.

The proofs of death were insufficient: O'Reilly v. Guardian Mutual Life Ins. Co., 60 N. Y. 169; Buffalo, etc., Safe Deposit Co. v. Mut. Aid Assn., 126 N. Y. 450; Taylor v. Ætna Life Ins. Co., 13 Gray, 434; Campbell v. Charter Oak Fire & Marine Ins. Co., 10 Allen, 213; Heaffer v. New Era Life Ins. Co., 101 Pa. 178; People's Mutual Accident Assn. v. Smith, 126 Pa. 317.

*Fortney & Walker* and *A. O. Furst,* for appellee, were not heard, but in their printed brief said: Where there is any evidence tending to prove a fact, it must be submitted: Wilmarth v. Mountford, 8 S. & R. 124; Cole v. Bolard, 22 Pa. 431; Howard Express Co. v. Wile, 64 Pa. 201; Fitzwater v. Stout, 16 Pa. 22; Neel v. Neel, 59 Pa. 347; Dougherty v. Stephenson, 20 Pa. 210; McIldowny v. Williams, 28 Pa. 492; Reel v. Elder, 62 Pa. 316; The Lehigh Coal & Navigation Co. v. Evans, 176 Pa. 32; Bucklin v. Davidson, 155 Pa. 366.

PER CURIAM, April 30, 1900 :

The only question at issue in this case is a question of personal identification. It is a pure question of fact which it is the especial province of a jury to decide. While it must be conceded that the evidence is not very satisfactory, we cannot say either that there was no evidence, or that there was not more than a scintilla of evidence establishing the identity of the dead body found with the person of George McC. Potter, the insured. There was some evidence, and it was much more than a scintilla, tending to prove the identity in question. The positive testimony of the two parents declaring an absolute identity of the dead body with the person of their son, the testimony of the coroner identifying from the photographic pictures taken in life and well authenticated, the absence of teeth in the jaws of the skeleton head, corresponding with the vacant spaces in the jaws of the deceased, these and a number of other circumstances tending to establish the identity of the body, with the person of the insured, required that the case should be submitted to the jury. On another trial the same question would arise and would have to be submitted. We do not think there is any merit in the contention that satisfactory proof of death was not furnished to the defendant. A claim was duly made to the defendant within the proper time in which the death of the insured by murder was alleged as having occurred at a specific time. It was probably not in the power of the claimant to give full particulars for want of knowledge of them but the death was sufficiently stated.

Judgment affirmed.